Julian Cohen and Lauretta Cohen v. Commissioner.
Cohen v. Commissioner
Docket No. 80964.
United States Tax Court
T.C. Memo 1962-51; 1962 Tax Ct. Memo LEXIS 256; 21 T.C.M. (CCH) 285; T.C.M. (RIA) 62051; March 14, 1962
*256 Julian Cohen, pro se, 13638 Muscatine St., Pacoima, Calif. Alfred L. Margolis, Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The Commissioner has determined deficiencies in the income taxes of the petitioners for the years 1955, 1956, and 1957 in the respective amounts of $304.03, $563.40, and $146.53. The issues are whether respondent has erred (1) in disallowing business expense deductions for each year in the respective amounts of $2,047.91, $2,248.90, and $3,884.52; (2) in disallowing contribution deductions for each year in the respective amounts of $110, $150, and $160; (3) in disallowing interest deductions for 1956 and 1957 in the respective amounts of $47.41 and $40.48; (4) in disallowing deductions for taxes in each year in the respective amounts of $35.04, $40.04, and $48.04; (5) in disallowing medical expense deductions in the respective amounts of $201.92, $209.97, and $275.38; and (6) in disallowing miscellaneous deductions in the respective amounts of $29.70, $127.20, and $199.20. Findings of Fact Petitioners are husband and wife who reside in Pacoima, California. They timely filed their joint income *257 tax returns for the taxable years 1955, 1956, and 1957 with the district director at Los Angeles. Petitioner Julian Cohen, hereinafter referred to as petitioner, is a jeweler who during each year at issue was employed by the Zenith Ring Manufacturing Company of Los Angeles, California, as a diamond setter. Beginning sometime prior to 1955, petitioner conducted a business at his home during times before and after his working hours at Zenith. The record does not exactly disclose the nature of such business except that it included the type of work petitioner performed for Zenith. He obtained such business by traveling to the various suburbs and adjacent towns and cities to Los Angeles during each year at issue. At such places he visited business people who were most likely to use his services and to an undisclosed extent entertained some of them. In making such visits and in picking up and delivering such items of work as he was able to obtain from them, he used the least well conditioned of his two automobiles to travel to and from the closer locations and his better conditioned automobile for the outlying locations. In obtaining orders for work and in general an undisclosed number *258 of business telephone calls were made to and from his home telephone. The work so obtained was performed in his home in one room which contained his workbench and tools and was used for such work exclusively. The percentage of floor space of his home devoted to this work as compared to the total floor space thereof and the percentage of the cost of upkeep and maintenance of such work space as compared to the total cost of upkeep of the home is undisclosed by this record. In carrying on his home business, petitioner, in working with precious stones, would from time to time either chip or lose an undisclosed amount of them in which event it was necessary that he replace them at his expense. Except for the itemization of this expense in his returns, the record is silent as to the amount thereof. Petitioner maintained books of account with respect to the conduct of his home business. These records were prepared by his father who was a retired postal employee. Entries in the books were made approximately once a month from basic data, such as receipts, canceled checks, and paid bills, none of which (records or basic data) were placed in evidence. Petitioner's income tax returns for the *259 years at issue were prepared by an accountant who prepared such returns from such books of account, basic data, and the oral statements of petitioner. For preparing such returns for 1955, 1956, and 1957, petitioner paid the accountant $15, $115, and $115, respectively. On August 18, 1956, petitioner purchased an automobile at a purchase price of $2,714.42, plus state sales tax of $108.58. He paid $850 in cash as a down payment and executed a California conditional sales contract for the balance of $1,973, to which was added a license fee of $27 and the amount of $340 therein designated as "Time Price Differential" or a total amount of $2,340 to be paid by monthly installments. The installments were 30 in number, to be paid consecutively in the amount of $78 per month. Such payments were made each month beginning on October 3, 1956, during the remainder of 1956 and each month of 1957. Each payment included interest in the amount of $11.34. Upon this transaction petitioner paid $34.02 interest in 1956 and $136.08 in interest in 1957. One of petitioners' children was a chronic sufferer from bronchial asthma and a milk allergy. Petitioners expended an amount for medical expense for *260 each year at issue which, except for their income tax returns, is undisclosed by this record. In an attached schedule to his income tax return for each year at issue, petitioner listed as expenses in the conduct of his home business the following: 1955
1956
1957
Business expense
$2,542.96
$2,797.38
$4,125.61
Contributions
229.00
269.00
283.00
Interest expense
369.26
446.59
Taxes
288.81
405.16
332.40
Medical expense
458.76
343.57
641.36
Miscellaneous
121.70
219.20
219.20 For each such year respondent disallowed a portion of such expenses as follows: 1955
1956
1957
Business expense
$2,047.91
$2,248.90
$3,884.52
Contributions
110.00
150.00
160.00
Interest expense
47.41
40.48
Taxes
35.04
40.04
48.04
Medical expense
201.92
209.97
275.38
Miscellaneous
29.70
127.20
199.20
Petitioner's business expenses, contributions, deductible taxes, interest paid, deductible medical and deductible miscellaneous payments were not greater for the taxable years 1955, 1956, and 1957 than those allowed by respondent in the statement attached to his notice of deficiency for each such year. Opinion Petitioner's *261 right to the deduction of any amount claimed in his returns is but a matter of legislative permission. His burden, therefore, is to establish by a preponderance of the evidence not only that he has incurred expense in the categories which Congress has determined may be the basis for such deductions, but the amount thereof. He has established the fact that he was in business for himself and that he incurred expense in the conduct of the business, but he has failed nearly completely to show the amount thereof. Likewise, although he has carried his burden of proving the making of deductible contributions, the payment of interest, deductible taxes, medical expense, and other miscellaneous deductible expenses, he has again failed to bear the burden of establishing the amount of such expenditures. The respondent, in his determination of deficiencies has, in effect, conceded as much, but has insisted upon substantiation of the amounts claimed as deductions on petitioner's returns. Virtually no substantiation has been made on this record and, where petitioner has established any amount of expenditure, respondent has exercised the principle laid down in , *262 and allowed him a greater amount than he has here proved. For lack of sufficient proof to sustain the petitioners, we leave the parties where we find them. Decision will be entered for the respondent.